After a jury trial in the Butler County Court of Common Pleas, defendant-appellant, Ryan Roy, was convicted of two counts of kidnapping, attempted rape, complicity to rape, complicity to assault, and assault. On December 3, 1997, the trial court classified appellant as a sexually oriented offender and ordered him to abide by the registration and notification provisions of R.C. 2950.01 et seq. Appellant now appeals his conviction and adjudication as a sexually-oriented offender raising nine assignments of error. Finding that appellant's assignments lack merit, we affirm the trial court.
On January 16, 1997, appellant and a co-defendant, Donald Simpson, lured Leslie Gail Isaacs into their car under the pretense of seeking crack cocaine. From the front passenger seat, appellant struck Isaacs numerous times, ordered her to remove her clothes, verbally assaulted her, and watched as Simpson raped her. Isaacs was then dumped from the car, with no clothes, in sub-freezing temperatures.
On January 19, 1997, appellant and Simpson lured Angela Miller into their car, again under the pretense of seeking crack cocaine. Appellant physically and verbally assaulted Miller and ordered her to remove her clothes. Miller refused to remove her clothes, and attempted to escape. Appellant forced her to remain in the car by holding on to her jacket. Eventually, while the car was moving, appellant released his hold on Miller's jacket, she fell to the pavement, and her legs were run over by the car as it sped away.
At trial, the prosecutor called several witnesses, including Detective David Tivin and Teresa Dean, an acquaintance of appellant.
Assignment of Error No. 1:
 THE TRIAL COURT ERRED IN PERMITTING THE STATE, OVER OBJECTION AND A MOTION FOR MISTRIAL, WHICH WAS IMPROPERLY DENIED, TO PRESENT APPELLANT'S POST-ARREST SILENCE TO THE JURY, IN VIOLATION OF THE FIFTH AMENDMENT TO THE U.S. CONSTITUTION AND ART. I SEC. 10 [sic] OF THE OHIO CONSTITUTION, AND ALSO AS A SEPARATE VIOLATION OF HIS RIGHT TO DUE PROCESS OF LAW, SECURED TO HIM BY THE U.S. CONSTITUTION, AND THE OHIO CONSTITUTION.[1]
Appellant contends that he has been punished for exercising his constitutional right to remain silent. Upon review of the record, we disagree.
In Doyle v. Ohio (1976), 426 U.S. 610, the United States Supreme Court held that although "the Miranda warnings contain no express assurance that silence will carry no penalty, such assurance is implicit to any person who receives the warnings." Doyle at 618. In Doyle, the prosecutor repeatedly referred to the defendants' failure to assert their innocence at the time of their arrest. The Supreme Court found that the prosecutor's repeated reference to the defendants' post-Miranda silence violated the Due Process Clause of the Fourteenth Amendment to the United States Constitution. Doyle at 618.
In Wainwright v. Greenfield (1986), 474 U.S. 284, the Supreme Court extended the reasoning in Doyle to include not only improper impeachment of a testifying defendant by the prosecutor, but also use of the defendant's post-Miranda silence as affirmative proof in the case in chief. Wainwright at 295. See, also, State v. Johnson (July 3, 1997), Lake App. No. 96-L-012, unreported. Thus, Doyle and its progeny prohibit the use of a defendant's post-Miranda silence to create an improper inference of guilt. State v. Heinrich (Apr. 29, 1991), Butler App. No. CA90-09-201, unreported.
The following occurred during the prosecutor's direct examination of Detective David Tivin:
Q: O.K. And who did you attempt to talk to first?
A: I talked to Donny Simpson first.
* * *
Q: And who did you talk to third?
A: Ryan Roy was to be third.
* * *
Q: Were you able to interview Mr. Roy?
Mr. Evans: Objection.
Court: Overruled.
Q: Were you able to interview Mr. Roy?
A: No.
Appellant contends that the above reference to his silence prejudiced him in violation of Doyle.
Our review of case law indicates that something more than a single, passing reference to the defendant's silence is necessary to constitute a due process violation. Cases finding violations of Doyle involve prosecutors who intended not only to draw attention to the defendant's silence, but also intended to infer guilt from the silence.
Appellant relies heavily upon State v. Day (1991), 72 Ohio App.3d 82. In Day, the prosecutor's closing argument centered around the fact that the defendant had failed to give his exculpatory story until trial. Id. at 87. We note that the court focused on two separate factors in Day, (1) the prosecutor's comment on the defendant's silence, and (2) the attempt to create an inference of guilt. The court stated that Day's right to remain silent was violated because the prosecutor attempted to create an impermissible inference of guilt. Day at 88-89. This reasoning is in accord with Doyle, where the Court found that the prosecutor referred to the defendants' silence so that "an unfavorable inference might be drawn." Doyle at 619.
In this case, we find that the single, obscure reference by the prosecutor to appellant's post-Miranda silence did not create an impermissible inference of guilt in violation of appellant's due process rights. Appellant's first assignment of error is overruled.
Assignment of Error No. 2:
 THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT BY OVERRULING HIS MOTION FOR SEPARATE TRIALS FOR THE INCIDENTS INVOLVING EACH VICTIM, IN VIOLATION OF HIS RIGHT TO DUE PROCESS OF LAW SECURED TO HIM BY THE FOURTEENTH AMENDMENT TO THE U.S. CONSTITUTION, AND ART. I. SEC. 16 [sic] OF THE OHIO CONSTITUTION.
Appellant contends that denying his motion to sever the trials for the charges involving each victim was error in violation of R.C. 2945.59 and Evid.R. 404(B) because the jury was allowed to consider evidence of his "other crimes" indicating his propensity to commit crime. We disagree.
The Ohio Rules of Criminal Procedure provide that "[t]wo or more offenses may be charged in the same indictment, information or complaint in a separate count for each offense if the offenses charged, whether felonies or misdemeanors or both, are of the same or similar character." Crim.R. 8(A). The law favors joining multiple criminal offenses which are of the same or similar character in a single criminal trial. State v. Franklin (1991),62 Ohio St.3d 118. Joinder is liberally permitted in the interest of judicial economy because it conserves time and expense, diminishes the inconvenience to witnesses, and minimizes the possibility of incongruous results. State v. Schaim (1992),65 Ohio St.3d 51. However, the accused may move to sever pursuant to Crim.R. 14 if he can establish prejudice to his rights. Id. at 58.
In order for an appellate court to reverse the trial court's decision to deny a Crim.R. 14 motion to sever, the appellant must make an affirmative showing that (1) his rights were prejudiced, (2) at the time of the motion to sever he provided the trial court with sufficient information so that it could weigh the considerations favoring joinder against the defendant's right to a fair trial, and (3) the trial court abused its discretion by refusing to separate the charges for trial. State v. Torres (1981), 66 Ohio St.2d 340, syllabus.
A prosecutor may rebut a claim of prejudice due to failure to sever charges in one of two ways, namely, the "other acts" test, or the "joinder test." State v. Franklin (1991), 62 Ohio St.3d 118,122. The other acts test requires the prosecution to show that evidence of the first offense would have been admissible at the trial of the second offense under Evid.R. 404(B). Id. The joinder test merely requires the prosecution to show that "the evidence of each of the crimes joined at trial is simple and direct." Id. The accused is not prejudiced by joinder when there is simple and direct evidence for each crime, regardless of whether evidence of the other crimes is admissible under Evid.R. 404(B). Id. If the state can meet the joinder test, it need not meet the stricter requirements of the other acts test. Id.
We find that the joinder test is applicable to the instant case. The factual situations in each crime charged were easy to understand. The charges involved different victims and different witnesses, and there is no reason to believe the jury was incapable of separating the crimes committed against Miller from those committed against Isaacs. See State v. Torres (1981),66 Ohio St.2d 340. Thus, we find that appellant has failed to show the necessary prejudice required under the first prong of the test in Torres.
We find no abuse of discretion by the trial court in denying appellant's Crim.R. 14 motion for severance. Appellant's second assignment of error is overruled.
Assignment of Error No. 3:
 THE TRIAL COURT ERRED TO THE PREJUDICE OF THE APPELLANT, IN IMPOSING A SENTENCE WHICH WAS DISPROPORTIONATELY [sic] SEVERE COMPARED TO THAT IMPOSED UPON THE CODEFENDANT, IN VIOLATION OF HIS RIGHT TO BE FREE FROM CRUEL AND UNUSUAL PUNISHMENT, TO THE EQUAL PROTECTION OF THE LAWS, SECURED TO HIM BY THE EIGHTH AND FOURTEENTH AMENDMENT OF THE U.S. CONSTITUTION, RESPECTIVELY, AND ART. I. SEC. 9 AND 16 [sic], RESPECTIVELY, OF THE OHIO CONSTITUTION, AND ALSO AS A SEPARATE VIOLATION OF HIS RIGHT TO DUE PROCESS OF LAW, SECURED TO HIM BY THE FOURTEENTH AMENDMENT TO THE U.S. CONSTITUTION, AND ART. I. SEC. 16 [sic] OF THE OHIO CONSTITUTION.
Appellant contends that he has been punished for exercising his constitutional right to a jury trial because he received a sentence of twenty years while his co-defendant, who pled guilty, received a sentence of three and one half years.
Appellant argues that the disparity between sentences is unjustified. However, the record shows that appellant was convicted of more serious crimes than his co-defendant. Appellant was convicted of three felonies of the first degree, one felony of the second degree, and several misdemeanors. The co-defendant, Simpson, was convicted of two felonies of the fifth degree, one felony of the fourth degree, and several misdemeanors.
Further, appellant's sentence is well within the statutory limits, and generally an appellate court will not review a trial court's discretion in sentencing when the sentence is authorized and within the statutory limits. State v. Hill (1994), 70 Ohio St.3d 25,29. Thus, we will not interfere with the trial court's exercise of discretion. Appellant's third assignment of error is overruled.
Assignment of Error No. 4:
 THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT BY UNFAIRLY RESTRICTING HIS CROSS EXAMINATION OF STATE WITNESSES, IN VIOLATION OF HIS RIGHT TO CONFRONTATION, SECURED BY THE SIXTH AMENDMENT TO THE U.S. CONSTITUTION, AND ART. I. SEC. 10 [sic] OF THE OHIO CONSTITUTION, AND ALSO AS A SEPARATE VIOLATION OF HIS RIGHT TO DUE PROCESS OF LAW, SECURED TO HIM BY THE FOURTEENTH AMENDMENT TO THE U.S. CONSTITUTION, AND ART. I. SEC. 16 [sic] OF THE OHIO CONSTITUTION.
Appellant contends that because the court limited his cross-examination of Dean and Miller, he was denied hisSixth Amendment right to confrontation.
We have previously stated that control of cross-examination lies within the sound discretion of the trial court and will not be disturbed absent a clear showing of an abuse of that discretion. State v. Ferguson (1991), 71 Ohio App.3d 342; State v. Vinson (1990), 70 Ohio App.3d 391. Likewise, the Ohio Supreme Court has stated that "trial judges retain wide latitude to impose reasonable limits on * * * cross-examination based on concerns about * * * confusion of the issues * * * or interrogation that is repetitive or only marginally relevant." State v. Green (1993), 66 Ohio St.3d 141, 147. See, also, State v. Rapp (1990), 67 Ohio App.3d 33.
During cross-examination of Dean, appellant's counsel asked the following:
 Q: Teresa, prior to your testimony today, did the police department or the prosecutor's office indicate to you that you would be arrested if you didn't come and testify?
* * *
 Mr. Piper [Prosecutor]: I'm going to object, Your Honor. It's an improper comment on a subpoena.
The attorneys were then called to the bench:
 Mr. Shanks [Appellant's counsel]: I believe this witness will testify that she was threatened to be arrested and held in jail as a material witness unless she volunteered to testify in this case * * * It goes to motive for her testimony, Judge.
 Mr. Piper: Well, you can ask about motive, you can ask her if she's lying, you can ask her if she has any reason to lie.
* * *
 The Court: The issue is whether or not she's telling the truth, and that's what you have a right to get into * * * Did they tell her to tell a lie?
Mr. Shanks: I have no idea.
* * *
The Court: The objection is sustained.
Despite this ruling, appellant's counsel immediately asked, "Teresa, has anyone threatened you with any sanction against you if you didn't testify today?" The prosecutor objected, and the court sustained the objection. A third time, appellant's counsel asked, "Prior to this trial starting, were you incarcerated by the State of Ohio for your testimony in this case?" Again, the prosecutor objected. Appellant contends that limiting his inquiry into the state's methods to compel Dean's testimony violated his right to cross-examine her.
Appellant also contends that his cross-examination of Miller was unconstitutionally restricted. It appears that at the time of the trial, Miller was incarcerated on several unrelated charges, and the trial court granted the prosecutor's motion prohibiting inquiry into the pending charges. We note that none of the charged crimes were probative of untruthfulness.
Upon examination of the record, we find that both lines of questioning appellant addresses in this assignment of error are collateral. First, the prosecutor was authorized to subpoena Dean to secure her testimony, and the fact that her refusal to comply with the subpoena subjected her to punishment was a collateral matter. See Crim.R. 17; Civ.R. 45. We also find that the unrelated charges against Miller were not relevant to her testimony in this case.
Thus, the trial court did not abuse its discretion when it limited appellant's cross-examination on these collateral issues. Accordingly, appellant's fourth assignment of error is overruled.
Assignment of Error No. 5:
 THE TRIAL COURT ERRED IN PERMITTING TESTIMONY OF STATE WITNESS DEAN WITH RESPECT TO STATEMENTS PURPORTEDLY MADE BY THE CODEFENDANT, WHO DID NOT TESTIFY AT TRIAL, IN VIOLATION OF APPELLANT'S SIXTH AMENDMENT CONFRONTATION RIGHT, AS WELL AS HIS RIGHT TO A FUNDAMENTALLY FAIR TRIAL, UNDER THE FOURTEENTH AMENDMENT, AND THEIR COUNTERPARTS IN THE OHIO CONSTITUTION, ART. I. SECS. 10, 16 [sic].
Appellant argues that Dean's testimony regarding statements made by the co-defendant, Simpson, should have been excluded as hearsay, and that their admission violated the rule of Bruton v. United States (1968), 391 U.S. 123. We disagree.
In Bruton, the Supreme Court held that at the joint trial of two defendants, a confession of a co-defendant who did not testify could not be admitted into evidence against the defendant. In so holding, the Court found a substantial risk that the jury would look to the incriminating statements made by the co-defendant in determining the defendant's guilt. When the co-defendant did not take the stand, it deprived the defendant his right to confront and cross-examine under theSixth Amendment. In State v. Moritz (1980), 63 Ohio St.2d 150, the Bruton rule was extended to exclude not only confessions but also other extrajudicial statements by codefendants which implicate the defendant.
During the prosecutor's direct examination of Dean, he asked the following:
 Q: O.K. And at some point in time, did Ryan Roy say something to Donny Simpson in front of you?
A: Yes, he did.
Q: O.K. And what did Ryan Roy say to Donny Simpson?
 A: For Donny to tell me what he done that he would get 50 years for. And Donny said that wasn't funny, that Ryan was an accessory and he'd be coming with him.
* * *
 Q: As a result of Donny saying something back to Ryan Roy, did Ryan Roy say anything else?
A: No.
We do not believe that these statements come within the ambit of Bruton. First, this was not a joint trial setting, and second, the statements are adoptive admissions which were properly admitted against appellant as a party.[2] They are not statements made by a co-defendant as contemplated under Bruton. It is as though appellant made the admissions himself when he manifested his belief in their truth and adopted them as his own.
When Simpson responded to appellant, appellant was present and able to deny Simpson's statement. Appellant failed to deny, correct or disassociate himself from Simpson's statement. Appellant's conduct may be interpreted as acquiescence in the statement, allowing the statement to be construed as an adoptive admission. See State v. Waites (Nov. 19, 1984), Clinton App. No. CA83-10-014, unreported. Based upon the foregoing reasoning, appellant has no claim of a Bruton violation. Appellant's fifth assignment of error is overruled.[3]
Assignment of Error No. 6:
 THE JUDGMENT OF CONVICTION IS CONTRARY TO LAW AND TO THE DUE PROCESS CLAUSE OF THE FOURTEENTH AMENDMENT TO THE CONSTITUTION OF THE UNITED STATES IN THAT THERE WAS INSUFFICIENT EVIDENCE ADDUCED TO ESTABLISH EACH AND EVERY ELEMENT OF EACH OFFENSE BEYOND A REASONABLE DOUBT.
Assignment of Error No. 7:
 THE JUDGMENT(S) OF CONVICTION IS CONTRARY TO THE MANIFEST WEIGHT OF THE EVIDENCE.
Assignment of Error No. 8:
 THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT BY DENYING HIS MOTION FOR JUDGMENT OF ACQUITTAL PURSUANT TO CRIM.R. 29.
Appellant argues that his convictions were supported by insufficient evidence, was against the weight of the evidence, and that his Crim.R. 29 motion for acquittal was wrongly denied. We will consider these three arguments together.
First, the standard for review of a claim of insufficient evidence is as follows:
 An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.
State v. Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus.
Second, to reverse a trial court's judgment on the basis that the adjudication is against the manifest weight of the evidence, we, as the appellate court, must unanimously disagree with the fact finder's resolution of any conflicting evidence. State v. Franco (Apr. 27, 1998), Madison App. No. CA97-08-035, unreported, at 10, citing State v. Thompkins (1997), 78 Ohio St.3d 380, 389. The standard for reversal for manifest weight of evidence has been summarized as follows:
 The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the [trier of fact] clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction.
Id. at 387, quoting State v. Martin (1983), 20 Ohio App.3d 172,175. We note that the original trier of fact is in the best position to judge the credibility of witnesses and the weight to be given the evidence. Franco at 10, citing State v. DeHass (1976), 10 Ohio St.2d 230, paragraph one of the syllabus.
Finally, Crim.R. 29(A) states that a court shall not order an entry of judgment of acquittal if the evidence is such that reasonable minds can reach different conclusions as to whether each material element of a crime has been proven beyond a reasonable doubt. State v. Bridgeman (1978), 55 Ohio St.2d 261, syllabus.
In this case, the prosecutor put forth sufficient evidence to support appellant's convictions. Each victim gave credible testimony regarding how she received her injuries. Other witnesses gave consistent testimony regarding the injuries they observed, and numerous photographs were introduced into evidence which further support each victim's account. Both victims positively identified the automobile involved, and both victims positively identified appellant as the passenger who attacked them.
After review of the evidence and record, we cannot say, as a matter of law, that the evidence was insufficient to support the jury's verdict. Additionally, we find that after weighing the evidence and considering the credibility of the witnesses, appellant's convictions were not against the weight of the evidence. Finally, we find that the trial court correctly denied appellant's Crim.R. 29 motion for acquittal as reasonable minds could differ as to whether each element of each crime had been proved beyond a reasonable doubt. Accordingly, appellant's sixth, seventh, and eighth assignments of error are overruled.
Assignment of Error No. 9:
 THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT, IN VIOLATION OF HIS RIGHT TO DUE PROCESS OF LAW AND THE EQUAL PROTECTION OF THE LAWS, AND ALSO IN VIOLATION OF THE PROHIBITION AGAINST DOUBLE JEOPARDY AND EX POST FACTO LAWS, IN ORDERING HIM TO REPORT AS REQUIRED BY THE REVISED CODE FOR SEXUALLY-ORIENTED OFFENDERS.
Initially, appellant argues that R.C. 2950.01 et seq. violates the prohibition against Ex Post Facto legislation. We find this claim to be untenable.
The Ex Post Facto Clause forbids retroactive application of a law that "inflicts a greater punishment, than the law annexed to the crime, when committed." Calder v. Bull (1789), 3 U.S. (Dall.) 386, 390-92. Appellant committed his crimes on January 16, 1997 and January 19, 1997, more that two weeks after Ohio's sexual offender statute went into effect on January 1, 1997. Appellant has no claim that the legislation was applied to him retroactively, nor can he claim that it inflicted a greater punishment than when his crimes were committed. Additionally, we note that even if appellant could make out a valid Ex Post Facto claim, in State v. Lyttle (Dec. 22, 1997), Butler App. No. CA97-03-060, unreported, this court concluded that the sexual predator law is not punitive, and therefore does not violate the Ex Post Facto Clause nor the Ohio Constitutional prohibition against retroactive legislation.
Appellant proceeds to contend that R.C. 2950.01 et seq. denies him due process and equal protection, and that it violates the prohibition against double jeopardy. Each of these arguments have been considered and rejected by this court.
First, appellant argues that the registration and notification obligations of R.C. 2950.01 et seq. violate due process as a violation of his right to privacy. We disagree. The right to privacy has not been held to be fundamental except within the contexts of marital, sexual and reproductive matters. Albright v. Oliver (1994), 510 U.S. 266. Thus, review does not demand strict scrutiny. Further, a conviction is a public record, and a sexual offender does not have a right to prohibit the dissemination of this public information. State v. Lyttle, Butler App. No. CA97-03-060, at 33.
Second, in State v. Nicholas (Apr. 6, 1998), Warren App. Nos. CA97-05-045, CA97-04-035, CA97-04-036, CA97-05-040, CA97-05-044, CA97-05-046, CA97-05-047, CA97-05-052, CA97-06-063, unreported, we concluded that the R.C. 2950.09(C) as applied to sexual predators did not violate equal protection. The same rationale applies here, and we find that R.C. 2950.01 et seq. as applied to sexually-oriented offenders involves no suspect classification or fundamental right, and it bears a rational relationship to a legitimate governmental interest to protect the public from sex offenders. Appellant has not been denied equal protection.
Finally, in State v. Naegele (Jan. 12, 1998), Clermont App. No. CA97-04-043, unreported,[4] we held that the sexual predator law is not punishment. Therefore, appellant's claim of double jeopardy lacks the essential prerequisite of multiple punishments for the same act. Thus, imposition of the sexually-oriented offender law does not violate the Double Jeopardy Clause of either the Ohio or the U.S. Constitutions. Appellant's ninth assignment of error is overruled.
Judgment affirmed.
WALSH and POWELL, JJ., concur.
[1] Though appellant has labeled it "post-arrest silence," the record indicates appellant's claimed silence occurred post-Miranda, but pre-arrest.
[2] Evid.R. 801(D)(2)(b) states that admissions by a party opponent are not hearsay where "[t]he statement is offered against a party and is * * * a statement of which he has manifested his adoption or belief in its truth."
[3] Assuming arguendo that the Bruton rule were applicable to the Court of Appeals of Ohio case at bar, we note that the finding of a Bruton violation would not, in this case, have warranted reversal. Such error is harmless where the "properly admitted evidence of guilt is so overwhelming * * * that it is clear beyond a reasonable doubt that the improper use of the admission was harmless error." State v. Moritz (1980), 63 Ohio St.2d 150.
[4] This case has been certified to the Ohio Supreme Court, 1998 Ohio LEXIS 1152, to resolve the existing conflict with State v. Cook (Aug. 7, 1997), Allen App. No. 1-97-21, unreported.