DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a judgment of conviction for breaking and entering, theft, and two counts of failing to comply with a police order. The conviction followed a jury trial in the Fulton County Court of Common Pleas. Because we conclude that appellant was not denied effective assistance of counsel and there was sufficient evidence to support his conviction, we affirm.
 {¶ 2} In the early morning hours of December 6, 2001, a patrolling Fulton County Deputy Sheriff observed an aged Oldsmobile leave the Fulton County Fairgrounds. When the deputy began to follow the Oldsmobile, the driver sped away, leaving the road and going into and out of a ditch. At that point, the deputy turned on his lights and siren and gave chase for several miles. Eventually the driver of the Oldsmobile lost control and crashed into the side of a mobile home. After the crash, the driver abandoned the car and fled into a nearby field.
 {¶ 3} For more than an hour, Fulton County sheriff's deputies and Wauseon police searched for the driver. At one point, responding to a tip that a man meeting the driver's description was reported walking on the nearby Ohio Turnpike, a deputy went to the turnpike and ordered the man to stop, but he fled over the turnpike fence. Eventually, a Wauseon police officer found appellant, Allen G. Holmes, lying on the ground in a cornfield.
 {¶ 4} While the search for the fugitive driver was going on, officers discovered that packed in boxes in the abandoned Oldsmobile were 47 pieces of collectible pottery, later identified as taken from a fairground building. The pieces were part of a 600 item pottery auction scheduled for the next day. Police also found an advertisement for the auction with some of the auction items underlined; many of the same items found in the car.
 {¶ 5} When arrested, appellant claimed he had been drugged and kidnaped by a hitchhiker.
 {¶ 6} On December 20, 2001, a Fulton County Grand Jury indicted appellant for breaking and entering, theft, and two counts of failure to comply with the order or signal of a police officer. The matter proceeded to a jury trial at which appellant testified that he had intended to go to the Fulton County pottery auction, but picked up a hitchhiker named "Paul" outside Canton, Ohio. According to appellant, he and "Paul" drove from Canton to Toledo. In Toledo, appellant testified, "Paul" jumped him from behind, placing a handkerchief over appellant's face. Some chemical on the handkerchief, appellant reported, caused him to black out. "Paul" then drove the two to the Fulton County Fairgrounds where he took the pottery later found in appellant's car. Appellant testified that, as he and "Paul" left the fairgrounds, it was "Paul" who ordered him to drive and it was "Paul" who at gunpoint directed him to flee from police.
 {¶ 7} The jury convicted appellant on all counts. He was sentenced to a term of 40 months imprisonment. Appellant now appeals his conviction, setting forth the following three assignments of error:
 {¶ 8} "Appellant received ineffective assistance of counsel in violation of his rights under the Sixth and Fourteenth Amendments to the United States Constitution as well as under Section 10, Article I, of the Ohio Constitution."
 {¶ 9} "There was insufficient evidence to convict the appellant for theft under count two of the indictment as the prosecution failed to prove that the stolen property had a value in excess of $500.00 with expert witness testimony."
 {¶ 10} "The trial court committed prejudicial error by refusing to admit the appellant's medical records from Fulton County Health Center relating to treatment that appellant received on the date of his arrest."
 Ineffective Assistance of Counsel {¶ 11} "A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction * * * has two components. First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the `counsel' guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. * * * Unless a defendant makes both showings, it cannot be said that the conviction * * * resulted from a breakdown in the adversary process that renders the result unreliable."Strickland v. Washington (1984), 466 U.S. 668, 687. Accord State v.Smith (1985), 17 Ohio St.3d 98, 100.
 {¶ 12} Scrutiny of counsel's performance must be deferential.Strickland v. Washington at 689. In Ohio, a properly licensed attorney is presumed competent and the burden of proving ineffectiveness is the defendant's. State v. Smith, supra. Counsel's actions which "might be considered sound trial strategy," are presumed effective. Strickland v.Washington at 687. "Prejudice" exists only when the lawyer's performance renders the result of the trial unreliable or the proceeding unfair. Id. Appellant must show that there exists a reasonable probability that a different verdict would have been returned but for counsel's deficiencies. See id. at 694. See, also, State v. Lott (1990),51 Ohio St.3d 160, for Ohio's adoption of the Strickland test.
 {¶ 13} Appellant enumerates a litany of errors and omissions committed by his trial counsel: failure to object to comments on his "post Miranda silence"; failure to move to suppress or redact a videotaped interview of him after an "unambiguous request" for counsel, failure to move to suppress or redact portions of that videotape which showed appellant's unwillingness to take a polygraph or consent to a vehicle search; and failure to exhaust peremptory challenges to preserve error on denial of a challenge for cause. Individually or together, appellant asserts that these acts were deficient performance by trial counsel and operated to his prejudice.
 {¶ 14} Appellant's characterization of events tends to be contortive. His example of prosecutorial comments on "post Miranda
silence" refers to an opening statement comment that, when questioned, appellant was "unresponsive." Testimony about such "post Miranda silence," for example, refers to an officer's testimony that when appellant was asked if he needed medical care, "he didn't say anything."
 {¶ 15} Appellant's "unambiguous request" for counsel was a mid-interrogation question asked of an officer who was leaving the room: "Are they going to get me a lawyer?" Following this, appellant continued to engage the officer in conversation for nearly an hour.
 {¶ 16} We cannot say that trial counsel's failure to object to these things constituted deficient performance. Moreover, the record clearly reveals that trial counsel's failure to exhaust peremptory challenges was the result of a strategic decision with which appellant concurred.
 {¶ 17} With respect to the remainder of the acts or omissions which appellant contends constitute deficient performance, the calculus of ineffective assistance of counsel comes into play. Even if counsel's performance is deficient, such deficiency must be of such magnitude as to likely alter the outcome of the trial. In a case where there is strong evidence aside from any counsel deficiency, there is less likelihood that counsel's deficiency will be deemed prejudicial. See State v. Ballew
(1996), 76 Ohio St.3d 244, 257. In this matter, appellant was found almost literally with his hand, if not in, at least on, the cookie jar. A deputy sheriff saw him leave the fairgrounds in his own car full of pottery stolen from a building on the fairgrounds. His only explanation was that he was kidnaped by a hitchhiker named "Paul" and forced to go to a place that he already intended to go.
 {¶ 18} There is nothing that appellant asserts his trial counsel should have done which would have made the evidence against him less compelling or his explanation more believable. Consequently, he has failed to show that he was prejudiced by any purported deficient performance by this trial counsel. Accordingly, appellant's first assignment of error is not well-taken.
 Sufficiency of the Evidence {¶ 19} In his second assignment of error, appellant contends that there was insufficient evidence presented at trial to prove felony theft pursuant to R.C. 2913.02(D)(1). In considering such a challenge to the sufficiency of the evidence, the court must determine whether the evidence submitted at trial is legally sufficient to support all of the elements of the offense charged. State v. Thompkins (1997),78 Ohio St.3d 380, 386-387. Specifically, we must determine whether the state has presented evidence which, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The test is, viewing the evidence in a light most favorable to the prosecution, could any rational trier of fact have found the essential elements of the crime proven beyond a reasonable doubt. Id. at 390 (Cook, J. concurring); State v. Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus. See, also, State v. Eley (1978), 56 Ohio St.2d 169; Statev. Barns (1986), 25 Ohio St.3d 203.
 {¶ 20} Appellant's specific complaint is that the sole evidence that the value of the pottery taken was more than $500, the statutory threshold for felony theft, came from the owner of the pottery who estimated its value by reference to a book of pottery values. Appellant complains the owner was not an expert on pottery values, nor had he ever had the stolen items appraised. This, appellant insists, is insufficient evidence to establish value beyond a reasonable doubt.
 {¶ 21} The state responds that R.C. 2913.61(D) specifically permits proof of value for a collector's item based on its "intrinsic worth to its owner." Here, the owner of the property testified that the stolen pieces could not be replaced for less than $500 and that, based on the conservative book value of the individual pieces, the value at sale would have been nearly $4,000.
 {¶ 22} We disagree with appellant's assertion that the owner of the stolen property was not an expert. Evid.R. 702(A) defines an expert as one who has "knowledge or experience [beyond that] possessed by lay persons * * *." Although the victim in this matter chose to characterize himself as an "advanced collector" rather than an "expert," there is no doubt that, having amassed a collection of more than 650 pieces of specialized pottery, he had certainly accumulated knowledge beyond that of a lay person. In that regard, he was an expert. Moreover, he seems to fit squarely within R.C. 2913.61. Consequently, there was sufficient evidence submitted to prove all the elements of theft. Accordingly, appellant's second assignment of error is not well-taken.
 Hearsay on Hearsay {¶ 23} In his final assignment of error, appellant complains that the trial court erred when, during trial, it refused to admit into evidence medical records of appellant's hospital treatment immediately after his arrest. Specifically, appellant sought to admit these documents because they contained doctor's and nurse's notes recording that appellant had told them that he had been drugged. Appellant sought admission of these records under the medical treatment exception to the hearsay rule, Evid.R. 803(4), but did not call the physician or nurse to testify to these statements — only the hospital's custodian of records.
 {¶ 24} The state objected to the admission of these documents on the grounds that they constituted hearsay on hearsay. The court sustained the state's objection.
 {¶ 25} The admission of evidence lies within the sound discretion of the trial court, and a reviewing court should not disturb evidentiary rulings absent an abuse of that discretion. State v. Noling,98 Ohio St.3d 44, 2002-Ohio-7044 at ¶ 43. An abuse of discretion is more than an error of law or a lapse of judgment, the term connotes that the court's attitude was arbitrary, unreasonable or unconscionable. Statev. Clark (1994), 71 Ohio St.3d 466, 470.
 {¶ 26} An out-of-court statement offered to prove the truth of the assertion is hearsay, Evid.R. 801(C), and may be excluded at trial. Evid.R. 802. There are, of course, a multitude of exceptions to this basic rule. See Evid.R. 803 and 804. Hearsay which is included within another hearsay statement is also excluded unless, "* * * each part of the combined statements conforms with an exception to the hearsay rule * * *." Evid.R. 805; State v. Vinson (1990), 70 Ohio App.3d 391, 399.
 {¶ 27} In this matter, there are exceptions which might be applicable to both hearsays contained in the hospital report: the business record exception contained in Evid.R. 803(6) and the medical treatment exception found in Evid.R. 803(4). With the custodian of records testimony, the hospital records clearly fell within the Evid.R. 803(6) business record exception. However, for the statements made by appellant to the treating physician to evade exclusion through Evid.R. 803(4), certain foundational analysis was necessary. See State v. Clary (1991),73 Ohio App.3d 42, 50-53. The hospital's custodian of records was in no position to supply such foundational testimony. Consequently, appellant failed to establish grounds which would permit admission of his prior statements under the medical treatment exception. Therefore, the trial court did not err in excluding the hospital records.
 {¶ 28} Accordingly, appellant's remaining assignment of error is not well-taken.
 {¶ 29} On consideration whereof, the judgment of the Fulton County Court of Common Pleas is affirmed. Costs to appellant.
 JUDGMENT AFFIRMED.
Mark L. Pietrykowski, J., Judith Ann Lanzinger, J., and Arlene Singer, J., CONCUR.