[Cite as *State v. Bagnoli*, 2011-Ohio-6363.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, | ) | |
| | ) | |
| PLAINTIFF-APPELLEE, | ) | |
| | ) | |
| VS. | ) | CASE NO. 09-MA-203 |
| | ) | |
| DAVID BAGNOLI, | ) | OPINION |
| | ) | |
| DEFENDANT-APPELLANT. | ) | |

CHARACTER OF PROCEEDINGS:    Criminal Appeal from Court of Common
Pleas of Mahoning County, Ohio
Case No. 09CR718

JUDGMENT:    Affirmed

APPEARANCES:
For Plaintiff-Appellee    Paul Gains
Prosecutor
Ralph M. Rivera
Assistant Prosecutor
21 W. Boardman St., 6th Floor
Youngstown, Ohio 44503-1426

For Defendant-Appellant    Attorney John A. Ams
134 Westchester Drive
Youngstown, Ohio 44515

JUDGES:

Hon. Gene Donofrio
Hon. Cheryl L. Waite
Hon. Mary DeGenaro

Dated: December 8, 2011

DONOFRIO, J.

{¶1} Defendant-appellant, David Bagnoli, appeals from a Mahoning County Common Pleas Court judgment finding him guilty of aggravated assault following a jury trial.

{¶2} On June 21, 2009, appellant was living with William Grossen in Grossen's apartment. At approximately 1:00 p.m. the two men had a few beers. Appellant then called his ex-wife, Stacy Bagnoli, to see if he could visit with their daughter since it was Father's Day. Stacy is also Grossen's ex-girlfriend. Grossen left the apartment and went to his daughter's house. While at his daughter's house, Grossen received a text message from Stacy reading, "no more threats, dickhead." According to Grossen, he was unaware of why Stacy would send this message. Grossen returned to his apartment and asked appellant to get Stacy on the phone so that he could find out what was going on.

{¶3} According to Grossen, while he was on the phone with Stacy, appellant stabbed him in the back with a mini screwdriver. Grossen then punched appellant in the face and a fight ensued. Appellant stabbed Grossen in the head with the screwdriver. Grossen asked appellant to stop and appellant ran from the apartment. Grossen suffered approximately 20 puncture wounds underneath his heart, his side, and his back.

{¶4} According to appellant, however, Grossen was "really pissed off" when he barged in after dinner at his daughter's house and became even more upset after having talked on the phone for a minute or two. When appellant began to talk to him, Grossen grabbed appellant's shoulder, punched him in the forehead, and threw him to the floor. The fight continued and appellant reached into his pocket because he remembered he had a small screwdriver in his pocket. At that point, appellant told Grossen that he better leave him alone or he was going to stab him. When Grossen refused to stop, appellant began hitting him in the head with the "butt-end" of the screwdriver. When he could finally get away, appellant ran down the stairs and outside to call the police.

**{¶5}** A Mahoning County Grand Jury indicted appellant on one count of felonious assault, a second-degree felony in violation of R.C. 2903.11(A)(2)(D); and one count of felonious assault, a second-degree felony in violation of R.C. 2903.11(A)(1)(D), which was later dismissed.

**{¶6}** The day of trial, plaintiff-appellee, the State of Ohio, filed a motion in limine requesting in part that the court not allow any testimony about conversations between Grossen and appellant's parents whereby Grossen told them he would not testify if they paid him $5,000. (Tr. 184-85). The trial court ruled that appellant could not introduce this evidence unless Grossen himself opened the door when he testified. (Tr. 188).

**{¶7}** The jury found appellant not guilty of felonious assault but guilty of aggravated assault. The trial court subsequently sentenced appellant to one year in prison and ordered him to make restitution to Grossen.

**{¶8}** Appellant filed a timely notice of appeal on December 14, 2009.

**{¶9}** Appellant's sole assignment of error states:

**{¶10}** "THE TRIAL COURT ABUSED ITS DISCRETION BY NOT ADMITTING BIAS EVIDENCE THAT THE ALLEGED VICTIM SOLICITED A BRIBE FROM DEFENDANT'S PARENTS TO NOT TESTIFY."

**{¶11}** Appellant argues that the entire case turned on credibility. The pivotal issue at trial was who started the fight, appellant or Grossen. The two men were the only eye witnesses to their fight. Appellant argues that Grossen's solicitation of a bribe was a crucial and relevant fact that should have been presented to the jury. Thus, appellant contends that to exclude such evidence was unreasonable under the circumstances.

**{¶12}** A trial court has broad discretion in determining whether to admit or exclude evidence. *State v. Mays* (1996), 108 Ohio App.3d 598, 617. Abuse of discretion connotes more than an error of law or judgment; it implies that the trial court's attitude is unreasonable, arbitrary, or unconscionable. *State v. Adams* (1980), 62 Ohio St.2d 151, 157. As specifically related to this case, the limitation of cross-

examination lies within the trial court's sound discretion viewed in relation to the particular facts of each individual case. *State v. Vinson* (1990), 70 Ohio App.3d 391, 397, citing *State v. Acre* (1983), 6 Ohio St.3d 140.

**{¶13}** "Cross-examination shall be permitted on all relevant matters and matters affecting credibility." Evid.R. 611(B). Furthermore, "[b]ias, prejudice, interest, or any motive to misrepresent may be shown to impeach the witness either by examination of the witness or by extrinsic evidence." Evid.R. 616(A). Yet "specific instances of the conduct of a witness, for the purpose of attacking or supporting the witness's character for truthfulness, other than conviction of crime as provided in Evid.R. 609, may not be proved by extrinsic evidence" unless, in the court's discretion, it determines that they are "clearly probative of truthfulness or untruthfulness." Evid.R. 608(B).

**{¶14}** Appellant's counsel proffered for the record that he would like to ask Grossen if he ever discussed not testifying at the preliminary hearing for a certain amount of money. (Tr. 184). Counsel stated that he would then call appellant's parents to the stand to testify that Grossen contacted them and said that for $5,000, he would not show up at the preliminary hearing. (Tr. 184-85). Counsel stated that the fight took place on June 21 and the preliminary hearing was held on June 23. (Tr. 184).

**{¶15}** The evidence concerning Grossen's alleged bribe of appellant's parents was not clearly probative of his truthfulness or untruthfulness at trial. Grossen gave a statement to police while he was still at the hospital, shortly after the incident occurred. (Tr. 298). Grossen's statement was consistent with his trial testimony, as it, along with a small screwdriver located in appellant's pocket, are what led police to arrest appellant. (Tr. 298-99). Thus, the impeachment evidence was also irrelevant.

**{¶16}** It is clear that the trial court's decision was not arbitrary, unreasonable, or unconscionable and, consequently, was not an abuse of discretion.

**{¶17}** Accordingly, appellant's sole assignment of error is without merit.

**{¶18}** For the reasons stated above, the trial court's judgment is hereby affirmed.

Waite, P.J., concurs.

DeGenaro, J., concurs.