OPINION
{¶ 1} Defendant-appellant, William Lester, appeals his convictions in the Butler County Court of Common Pleas for assault on a police officer and resisting arrest. We affirm appellant's convictions.
 {¶ 2} On February 16, 2003, Officers Rapp and Sikora of the Oxford City Police Department observed appellant and another man arguing in front of the Stadium Bar in Oxford. After the officers intervened, both men left the area heading in different directions.
 {¶ 3} About five minutes later, the officers observed appellant drinking a beer on the street near the bar. Officer Sikora told appellant that she was going to cite him for open container. Officer Sikora asked appellant for his license, which he gave to her. However, appellant soon changed his mind, snatching the license from Officer Sikora's hand and attempting to flee on foot. The officers tried to stop appellant, grabbing him and telling him that he was under arrest. Officer Rapp lost appellant from her grip as she slipped on the sidewalk. According to Officers Sikora and Rapp, appellant then threw Officer Sikora to the ground and fled. However, according to appellant, he simply broke free from the officers' grasps and ran. Appellant was apprehended a short time later by other Oxford police officers. Officer Sikora suffered a sprained finger as a result of the incident.
 {¶ 4} Appellant was charged with assault on a police officer in violation of R.C. 2903.13(A), resisting arrest in violation of R.C. 2921.33(A), disorderly conduct in violation of R.C.2917.11(A)(1), obstructing official business in violation of R.C.2921.31, and open container in violation of R.C. 4301.62(B)(3). In March 2003, a grand jury indicted appellant on the assault charge, the resisting arrest charge, and the disorderly conduct charge. The assault charge was a fourth-degree felony, the resisting arrest charge was a second-degree misdemeanor, and the disorderly conduct charge was a fourth-degree misdemeanor.
 {¶ 5} A bench trial was held in July 2003. Three witnesses testified: Officer Sikora, Officer Rapp, and appellant. The common pleas court convicted appellant of the assault and resisting arrest charges, but acquitted him of the disorderly conduct charge. For the assault conviction, the court sentenced appellant to three years of community control with one year of intensive supervision probation, 150 hours of community service, anger management classes, and a $150 fine. For the resisting arrest conviction, the court sentenced appellant to 60 days in jail, but suspended the sentence.
 {¶ 6} Appellant now appeals his convictions for assault and resisting arrest, assigning three errors.
 {¶ 7} Assignment of Error No. 1:
 {¶ 8} "THE TRIAL COURT ERRED IN REFUSING TO ALLOW APPELLANT TO ADMIT INTO EVIDENCE A COPY OF THE POLICE REPORT, CONTRARY TO EVID.R. 803(8)(b)."
 {¶ 9} In this assignment of error, appellant argues that the common pleas court should have admitted into evidence Officer Rapp's police report of the incident. According to appellant, though the report was hearsay, it should have been admitted under the Evid.R. 803(8)(b) hearsay exception.
 {¶ 10} A trial court has broad discretion to admit or exclude evidence and absent a clear abuse of discretion, a reviewing court will not disturb the trial court's decision. State v.Combs (1991), 62 Ohio St.3d 278, 284. A trial court does not abuse its discretion unless it acts arbitrarily, unreasonably, or unconscionably. State v. LaMar, 95 Ohio St.3d 181,2002-Ohio-2128, at ¶ 40.
 {¶ 11} The state first asserts that appellant "did not proffer a copy of the police report" to the common pleas court in accordance with Evid.R. 103. Therefore, according to the state, appellant did not preserve the issue for appeal.
 {¶ 12} Evid.R. 103(A) provides as follows:
 {¶ 13} "Error may not be predicated upon a ruling which admits or excludes evidence unless a substantial right of the party is affected, and
 {¶ 14} "* * *
 {¶ 15} "(2) In case the ruling is one excluding evidence, the substance of the evidence was made known to the court by offer or was apparent from the context within which questions were asked."
 {¶ 16} At trial, appellant asked the common pleas court to admit into evidence Officer Rapp's police report, which had been marked, "Defendant's Exhibit A." The following exchange then took place:
 {¶ 17} "THE COURT: I will not admit it.
 {¶ 18} "[STATE]: I think you could submit it to the court.
 {¶ 19} "THE COURT: It's for impeachment purposes.
 {¶ 20} "[STATE]: Right, for impeachment purposes.
 {¶ 21} "[APPELLANT]: Then I would like to submit it for impeachment purposes.
 {¶ 22} "THE COURT: You have. You questioned her.
 {¶ 23} "[APPELLANT]: Then the defense would rest." The police report is included as part of the common pleas court record.
 {¶ 24} We find that appellant complied with Evid.R. 103 and preserved the admissibility issue for appeal. In accordance with Evid.R. 103(A)(2), appellant ensured that "the substance of the evidence was made known to the court by offer." The court was clearly aware of the report appellant sought to have admitted. That report was included in the court's record and is available for our review.
 {¶ 25} We now review the merits of appellant's argument. Evid.R. 803(8) is the "public records and reports" exception to the hearsay rule. State v. Ward (1984), 15 Ohio St.3d 355, 358. The rule states that the following are not excluded by the hearsay rule:
 {¶ 26} "Records, reports, statements, or data compilations, in any form, of public offices or agencies, setting forth * * * (b) matters observed pursuant to duty imposed by law as to which matters there was a duty to report, excluding, however, in criminal cases matters observed by police officers and other law enforcement personnel, unless offered by defendant, unless the sources of information or other circumstances indicate lack of trustworthiness (emphasis added)."
 {¶ 27} We find that Officer Rapp's police report should have been admitted into evidence by the common pleas court. Pursuant to Evid.R. 803(8)(b), though the report described matters observed by a police officer, it was nevertheless admissible because it was offered by the defendant and there were no indications that the report lacked trustworthiness. However, pursuant to Evid.R. 103(A), an error regarding the admission or exclusion of evidence is not reversible error "unless a substantial right of the party is affected[.]"
 {¶ 28} We find that the common pleas court's failure to admit the police report did not affect a substantial right of appellant. While the report itself was not admitted into evidence, the record shows that appellant cross-examined Officer Rapp on the details of the report. Appellant fully explored what he viewed as an inconsistency between Officer Rapp's testimony and the report. In the report, Officer Rapp stated that appellant "picked [Officer] Sikora up off her feet and threw her down to the ground." At trial on direct examination, Officer Rapp testified that she looked up from the ground and saw appellant throwing Officer Sikora. We find no prejudice to appellant due to the report not being admitted into evidence. Based on our review of the record, the strength of appellant's case was not diminished by the court's failure to admit the report into evidence. Accordingly, appellant's first assignment of error is overruled.
 {¶ 29} Assignment of Error No. 2:
 {¶ 30} "THE CONVICTION FOR ASSAULT ON A POLICE OFFICER WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
 {¶ 31} In this assignment of error, appellant argues that his conviction for assault was against the manifest weight of the evidence. According to appellant, the weight of the evidence at trial did not show that he knowingly caused or attempted to cause physical harm to Officer Sikora.
 {¶ 32} The standard for reversal for manifest weight of the evidence has been summarized as follows:
 {¶ 33} "The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the [trier of fact] clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." State v. Thompkins, 78 Ohio St.3d 380, 387,1997-Ohio-52, quoting State v. Martin (1983),20 Ohio App.3d 172, 175. In making this analysis, the reviewing court must be mindful that the original trier of fact was in the best position to judge the credibility of witnesses and the weight to be given the evidence. State v. DeHass (1967), 10 Ohio St.2d 230, paragraph one of the syllabus.
 {¶ 34} R.C. 2903.13(A) defines the crime of "assault" as follows: "No person shall knowingly cause or attempt to cause physical harm to another or to another's unborn." "Knowingly" is defined by statute as follows: "A person acts knowingly, regardless of his purpose, when he is aware that his conduct will probably cause a certain result or will probably be of a certain nature." R.C. 2901.22(B).
 {¶ 35} Three witnesses testified at trial: Officer Sikora, Officer Rapp, and appellant. Officer Sikora testified that she and Officer Rapp were attempting to restrain appellant when appellant threw her to the ground. According to Officer Sikora, she was holding onto the back of appellant's pants when appellant turned around, grabbed her by the shoulders, lifted her four or five feet in the air, and threw her to the ground. Officer Sikora testified that the force of hitting the ground "knocked the wind" out of her, and that she remembered her left hand hurting after she hit the ground. Officer Sikora testified that she was not "100 percent sure" how the injury to her finger occurred, but that she thought the injury occurred as a result of being thrown. She testified that she did not think the injury resulted from grabbing appellant, because she had grabbed him with her right hand
 {¶ 36} On cross-examination, appellant questioned Officer Sikora about hospital records entered into evidence as State's Exhibit 2. Appellant pointed out that the physician made the following notes in the report regarding Officer Sikora's injury: "She has an injury to her left middle finger. She was trying to arrest a subject who was resisting and she grabbed his clothes several times and his shirt ripped. She grabbed again and felt pain in her middle and ring finger[s]. She now has pain at the tip of the middle finger * * *. It appears slightly swollen. She also had some swelling of her ring finger * * *. She has no other injuries." Appellant asserted that the report was inconsistent with the way Officer Sikora stated the injury occurred because it said nothing about being thrown. Despite the language in the physician's report, the nurse's "triage notes" stated that Officer Sikora "jammed [her] finger on [the] ground."
 {¶ 37} Appellant asserts that Officer Sikora gave testimony at trial that was inconsistent with her testimony given at a preliminary hearing. According to appellant, at trial Officer Sikora testified that appellant "was beside her when he grabbed her," while at the preliminary hearing Officer Sikora testified that appellant "was behind her when he grabbed her." After reviewing the transcripts of the trial and the preliminary hearing, we find no such inconsistency. Both at trial and at the preliminary hearing, Officer Sikora testified that she was behind appellant holding onto his pants when appellant turned around, picked her up, and threw her to the ground.
 {¶ 38} Officer Rapp testified that after she lost her grip on appellant and fell to the ground, she looked up and saw that appellant "had Officer Sikora by the shoulders and was flinging her." According to Officer Rapp, Officer Sikora was four feet off the ground. On cross-examination, appellant questioned Officer Rapp about a prior statement in her police report. In the report, Officer Rapp stated that appellant "picked Officer Sikora up off her feet and threw her to the ground." According to appellant, that statement is inconsistent with Officer Rapp's trial testimony because at trial Officer Rapp did not state that she saw appellant pick Officer Sikora off the ground, but that Officer Sikora was already off the ground when she looked up.
 {¶ 39} Appellant testified at trial that he never pushed, grabbed, or threw Officer Sikora. Appellant testified that he merely broke free from the officers' grasps and ran.
 {¶ 40} The common pleas court did not lose its way in finding that appellant knowingly caused or attempted to cause physical harm to Officer Sikora. The court was in the best position to judge the credibility of the witnesses and chose to believe the officers' testimony that appellant threw Officer Sikora to the ground. The court could reasonably conclude from Officer Sikora's testimony that appellant's conduct in throwing Officer Sikora, not Officer Sikora's grasping of appellant's clothing, caused Officer Sikora's injury. The nurse's triage notes provide support for that conclusion as they indicate that Officer Sikora injured her finger by jamming it on the ground. Further, the court could reasonably infer from the officers' testimony that appellant was aware that his conduct in throwing Officer Sikora would probably cause physical injury to her. Appellant's testimony and the fact that the doctor's report did not mention Officer Sikora being thrown do not weigh so heavily against the state's evidence as to require a reversal of appellant's conviction.
 {¶ 41} After reviewing all the evidence presented at trial, we cannot say that the common pleas court lost its way and created such a manifest miscarriage of justice that appellant's assault conviction must be reversed and a new trial ordered. Accordingly, appellant's second assignment of error is overruled.
 {¶ 42} Assignment of Error No. 3:
 {¶ 43} "THE CONVICTION FOR RESISTING ARREST WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
 {¶ 44} In this assignment of error, appellant argues that his conviction for resisting arrest was against the manifest weight of the evidence presented at trial. According to appellant, the state did not prove an essential element of the offense: a lawful arrest. Appellant does not contest any other elements of the offense.
 {¶ 45} The crime of resisting arrest, as defined in R.C.2921.33(A), includes as an essential element, a lawful arrest.State v. Miller (1990), 70 Ohio App.3d 727, 730. In order for appellant's arrest to have been lawful, the officers must have had, at the time of the arrest, probable cause to believe that appellant had committed or was committing a crime. See City ofN. Ridgeville v. Reichbaum (1996), 112 Ohio App.3d 79, 85-86.
 {¶ 46} At trial, Officer Rapp testified that when appellant snatched his license from Officer Sikora, she told appellant he was under arrest. Officer Rapp explained that she thought appellant was "hampering or impeding" Officer Sikora from writing him a ticket for open container. The state argued at trial that appellant's arrest was lawful because the officers had probable cause to believe appellant committed the crime of obstructing official business.
 {¶ 47} The crime of obstruction of official business is defined in R.C. 2921.31(A) as follows:
 {¶ 48} "No person, without privilege to do so and with purpose to prevent, obstruct, or delay the performance by a public official of any authorized act within the public official's official capacity, shall do any act that hampers or impedes a public official in the performance of the public official's lawful duties."
 {¶ 49} We find that the officers had probable cause to arrest appellant for obstructing official business. It is true, as appellant points out, that one cannot be convicted of obstructing official business without committing an affirmative act.Hamilton v. Hamm (1986), 33 Ohio App.3d 175, 176. However, appellant, in snatching his driver's license from Officer Sikora, committed an affirmative act. That act impeded Officer Sikora in performing her official duty of writing appellant an open container ticket. Additionally, it is apparent from the record that appellant's purpose in snatching his license was to prevent Officer Sikora from performing her duty of writing the ticket. Therefore, because the officers had probable cause to believe that appellant committed the crime of obstructing official business, their arrest of him was lawful.
 {¶ 50} Accordingly, appellant's conviction for resisting arrest was not against the manifest weight of the evidence. Appellant's third assignment of error is overruled.
 {¶ 51} Judgment affirmed.
Walsh and Valen, JJ., concur.