OPINION
{¶ 1} Sammy L. Palmer appeals from his conviction and sentence on one count of assaulting a peace officer while in the performance of his official duties. In his sole assignment of error, Palmer contends his conviction is against the manifest weight of the evidence presented at trial.
 {¶ 2} The present appeal stems from Palmer's encounter with several Dayton police officers on the evening of May 21, 2004, outside the DeSoto Bass apartment complex. The parties agree that Palmer was removed from a stopped vehicle during the encounter. The disputed issue is whether he then punched one of the officers in the face while trying to flee the scene.
 {¶ 3} At trial, the State presented testimony from police officers Gregory Gaier, Douglas Hall, David House, and Harold Perry. Officer Gaier testified that he saw Palmer strike officer Hall in the face. Officer Hall also testified that Palmer had punched him in the face. Officer House testified that he was at the scene but did not witness the punch because he was facing the opposite direction. Finally, officer Perry testified that he arrived after the punching incident for investigative purposes.
 {¶ 4} For his part, Palmer offered his own testimony as well as testimony from witnesses Anna Good, Latoya Jones, Theodore Jones, and Genale Brown. Palmer testified that he did not strike officer Hall. Good and Latoya Jones testified that they were present and never saw Palmer punch anyone. Theodore Jones testified that he could not say for sure whether Palmer had punched officer Hall, and Brown testified that she had started watching too late to see the alleged punch.
 {¶ 5} On appeal, Palmer argues that the conflicting testimony "clearly demonstrates that it is impossible to determine just what happened[.]" As a result, he asserts that the weight of the evidence does not support the jury's guilty verdict. When a conviction is challenged on appeal as being against the manifest weight of the evidence, an appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider witness credibility, and determine whether, in resolving conflicts in the evidence, the trier of fact "clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v.Thompkins, 78 Ohio St.3d 380, 387, 1997-Ohio-52. A judgment should be reversed as being against the manifest weight of the evidence "only in the exceptional case in which the evidence weighs heavily against the conviction." State v. Martin (1983), 20 Ohio App.3d 172, 175.
 {¶ 6} Here Palmer contends that the jury should not have credited the testimony of the State's witnesses over the testimony of his witnesses, and that the existence of conflicting testimony precluded the jury from finding him guilty beyond a reasonable doubt. Upon review, however, we do not agree that the jury clearly lost its way in choosing to believe the testimony of the police officers and to disbelieve the testimony presented by Palmer. To the contrary, the jury reasonably found Palmer's witnesses lacking in credibility — a conclusion with which we agree based on our review of both the trial transcript and videotape. Moreover, the existence of conflicting testimony did not preclude the State from obtaining a conviction. As noted in Thompkins, supra, one function of a jury is to resolve such conflicts when they arise.
 {¶ 7} Having reviewed the record, weighed the evidence and all reasonable inferences, and considered the credibility of the witnesses, we cannot say that the jury clearly lost its way and created a manifest miscarriage of justice. The evidence does not weigh heavily against Palmer's conviction. Accordingly, we overrule his assignment of error and affirm the judgment of the Montgomery County Common Pleas Court.
Judgment affirmed.
Wolff, J., and Young, J., concur.
(Hon. Frederick N. Young, Retired from the Court of Appeals, Second Appellate District, Sitting by Assignment of the Chief Justice of the Supreme Court of Ohio).