OPINION
{¶ 1} Brian J. McDermott appeals from his conviction and sentence in Kettering Municipal Court on a misdemeanor domestic violence charge.
 {¶ 2} Brian advances four assignments of error on appeal.[1] First, he contends his conviction is against the manifest weight of the evidence presented at his bench trial. Second, he claims the trial court erred in convicting him when the State failed to prove he acted with the requisite mental state. Third, he asserts that he received ineffective assistance of trial counsel. Fourth, he contends the trial court erred in disallowing expert testimony on his behalf.
 {¶ 3} The present appeal stems from a dispute between Brian and his then-wife, Anna, on the night of November 21, 2004. At that time, Brian and Anna were planning to divorce and had been sleeping in separate rooms. Anna testified at trial, however, that Brian entered her bedroom on the night in question, jumped on top of her, and attempted to insert his fingers into her vagina and anus. According to Anna, she ordered Brian to stop and yelled for him to get off of her. She testified that she bit him on the shoulder in an effort to remove him after he refused to stop. Anna further testified that Brian responded by punching her in the arm three times and then kicking her off of the bed and into a closet door.
 {¶ 4} For his part, Brian testified that he normally slept on a couch. He asserted that he entered the bedroom and asked to sleep in bed with Anna due to a "kink" in his neck. Brian testified that he and Anna argued because she did not want him in the bed. Ultimately, he decided to lay across the bed near her feet. Brian explained that he then "began to tap [Anna] on the butt" to signal his desire to reconcile following their argument.[2] He testified that she responded by biting him on the back of his shoulder. Brian admitted that he then "pushed" her off of the bed. He denied, however, that he had attempted to insert his fingers into her vagina or anus. He also denied that Anna had yelled at him to get off of her.
 {¶ 5} In a March 30, 2005, decision and entry, the trial court found Brian guilty of misdemeanor domestic violence in violation of R.C. § 2919.25(A). In support of its ruling, the trial court found Anna's testimony to be credible while finding portions of Brian's testimony to lack credibility. The trial court sentenced Brian in accordance with the law and stayed execution of his sentence pending appeal.
 {¶ 6} In his first assignment of error, Brian argues that his conviction is against the manifest weight of the evidence. In support, he stresses the existence of conflicting trial testimony and the absence of any marks on Anna's body despite her claim that he hit and kicked her. In light of these facts, Brian asserts that the weight of the evidence does not support his conviction.
 {¶ 7} When a conviction is challenged on appeal as being against the manifest weight of the evidence, an appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider witness credibility, and determine whether, in resolving conflicts in the evidence, the trier of fact "clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v. Thompkins, 78 Ohio St.3d 380, 387,1997-Ohio-52. A judgment should be reversed as being against the manifest weight of the evidence "only in the exceptional case in which the evidence weighs heavily against the conviction." State v. Martin (1983),20 Ohio App.3d 172, 175.
 {¶ 8} In the present case, neither the conflicting nature of the trial testimony nor the absence of marks on Anna's body persuades us that Brian's conviction is against the weight of the evidence. As we recently recognized in State v. Palmer, Montgomery App. No. 20713, 2005-Ohio-4517, one function of the trier of fact is to resolve conflicting trial testimony. Here the trial court resolved those conflicts in favor of Anna, finding her testimony to be the most credible. Based on our review of the trial transcript, we do not believe that the trial court clearly lost its way in crediting Anna's version of events. In this regard, we note that Brian's claim of merely tapping Anna on the "butt" is controverted by his own written statement to police following the incident. Therein, he asserted that he had "started joking around with her as if I was going to stick my finger up her butt." In light of Anna's testimony, however, the trial court reasonably could have concluded that Brian's unwelcomed advances were no joke.
 {¶ 9} As for the absence of marks on Anna's body, the lack of physical evidence does not demonstrate that the trial court clearly lost its way in finding Brian guilty of domestic violence. In his own trial testimony, Brian admitted literally "pushing" Anna out of the bed. Moreover, the trial court credited Anna's testimony, which included an assertion that he had punched her in the arm three times after she attempted to stop his forceful sexual advances. In short, having reviewed the record, weighed the evidence and all reasonable inferences, and considered the credibility of the witnesses, we cannot say that the trial court clearly lost its way and created a manifest miscarriage of justice. The evidence does not weigh heavily against Brian's conviction. His first assignment of error is overruled.
 {¶ 10} In his second assignment of error, Brian claims the trial court erred in convicting him when the State failed to prove he acted with the requisite mental state. In support, Brian points out that the statute at issue, R.C. § 2919.25(A), prohibits knowingly causing or attempting to cause physical harm to a family member. Brian argues, however, that he did not act knowingly when he pushed Anna out of bed and, according to her testimony, punched her three times. Rather, he insists that he was provoked by Anna's bite and that he acted only to defend himself against her violent conduct.
 {¶ 11} Upon review, we find the foregoing argument to be without merit. As an initial matter, we note that Brian's assignment of error actually raises a self-defense issue rather than a claim of inadequate mens rea. According to Brian, he was provoked into pushing and hitting Anna and did so only to defend himself. But if this is true, then he admittedly acted at least knowingly, a mental state requiring the actor to be aware his conduct probably will cause a certain result or probably will be of a certain nature. See R.C. § 2901.22(B). Thus, the issue raised by Brian's argument is really whether he acted in self defense, not whether he acted with the requisite mental state. On the self-defense issue, Brian's argument is unpersuasive because Anna's testimony supports a conclusion that he was at fault in creating the situation giving rise to the affray. Under such circumstances, a self-defense claim necessarily fails. State v. Woullard, 158 Ohio App.3d 31, 42, 2004-Ohio-3395; State v. Robbins (1979), 58 Ohio St.2d 74, 79-80. Accordingly, we overrule his second assignment of error.
 {¶ 12} In his third assignment of error, Brian asserts that he received ineffective assistance of trial counsel. In support, he notes that counsel waited until approximately two weeks before trial to seek discovery consisting of photographs of the bite mark on his shoulder. Given that his attorney then did not receive the pictures until the morning of trial, Brian argues that counsel was poorly prepared to represent him.
 {¶ 13} Upon review, we are unpersuaded by Brian's argument. His claim is assessed under the two-part test of Strickland v. Washington (1984),466 U.S. 668. "To obtain a reversal of a conviction on the basis of ineffective assistance of counsel, the defendant must prove (1) that counsel's performance fell below an objective standard of reasonableness, and (2) that counsel's deficient performance prejudiced the defendant resulting in an unreliable or fundamentally unfair outcome of the proceeding." State v. Madrigal, 87 Ohio St.3d 378, 388-389,2000-Ohio-448. When evaluating an ineffective assistance of counsel claim, "[j]udicial scrutiny of counsel's performance must be highly deferential." Strickland, supra, at 689. "Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." State v. Bradley (1989),42 Ohio St.3d 136.
 {¶ 14} In the present case, even if defense counsel acted unreasonably by waiting until shortly before trial to seek photographs of the bite mark, Brian's initial appellate brief fails to identify any prejudice. He asserts, in conclusory fashion, that counsel's delay in obtaining the pictures resulted in a poorly prepared defense. In his reply brief, however, Brian argues more specifically that if defense counsel had obtained the pictures earlier, he could have retained an expert to examine them and to testify at trial. Brian's apparent theory is that an expert could have determined by reviewing the photographs that Anna's version of events was false. Therefore, he asserts that he was prejudiced by defense counsel's failure to seek the pictures earlier.
 {¶ 15} The fatal flaw in the foregoing argument is that it is entirely speculative. "Nothing in the record indicates what kind of testimony an * * * expert could have provided. Establishing that would require proof outside the record, such as affidavits demonstrating the probable testimony. Such a claim is not appropriately considered on a direct appeal." Madrigal, supra, at 390-391. The record before us simply fails to portray prejudice resulting from defense counsel's delay in obtaining pictures of Brian's bite mark. His third assignment of error is overruled.
 {¶ 16} In his fourth assignment of error, Brian contends the trial court erred in disallowing expert testimony on his behalf. In support, he reiterates his argument that an expert witness could have examined the pictures of the bite mark and concluded from them that Anna was the aggressor and that her version of events was false. He also contends the trial court should have granted him a continuance to obtain an expert who would so testify. As we explained above, however, his argument about what an expert could have determined by reviewing the pictures is pure speculation. We also find no abuse of discretion in the trial court denying Brian's motion for a continuance to obtain an expert witness to review the pictures. His attorney provided no good justification for either his failure, or the failure of Brian's prior attorney, a public defender, to seek copies of the pictures earlier than two weeks before trial. Accordingly, we overrule his fourth assignment of error and affirm the judgment of the Kettering Municipal Court.
Judgment affirmed.
Fain, J., and Grady, J., concur.
[1] For purposes of clarity, we will refer to the appellant and the complaining witness, his former wife, by their first names.
[2] Brian testified that he and Anna often engaged in "butt tapping" to signal a truce after an argument. He explained the custom as follows: "If, if we were arguing, and we were in bed, were coming to bed, we never wanted to go to bed mad at each other. She would do it to me, I would do it to her where we would tap each other on the butt to get each other's attention to talk. That's a signal that I want to make up, I don't want to go to bed mad, let's talk about the fight and work it out." (Trial transcript at 48). In her own trial testimony, Anna denied the existence of any butt-tapping code. (Id. at 24-25).