OPINION
{¶ 1} Defendant-appellant, Shawn C. Mohn, appeals a decision of the Warren County Court of Common Pleas convicting him of kidnapping and intimidation of a victim in a criminal case. For the reasons outlined below, we affirm the decision of the trial court.
 {¶ 2} On the evening of December 22, 2007, appellant and the victim, Jennifer Stover, went out to a number of bars in the Mason area to have drinks and socialize with *Page 2 
friends. The facts are in dispute as to what happened after appellant and Stover left the last bar. Stover's version is as follows: Appellant became increasingly agitated on the drive home because Stover had received multiple text messages from an ex-boyfriend that night. Although Stover and appellant dated in the past, they were no longer in an intimate relationship. When Stover's ex-boyfriend called her on the drive home, she answered because she was becoming frightened of appellant's increasingly aggressive behavior.
 {¶ 3} At some point, Stover pulled into the parking lot of O'Charley's and asked appellant to exit the vehicle. Appellant yelled at her, kicked the dashboard, ripped off the rearview mirror, and threw her phone out of the car. Appellant then choked Stover and hit her head against the steering wheel. He forced her into the back seat and drove the car onto the highway. Stover attempted to exit the vehicle while it was moving, but appellant forced her back into the vehicle.
 {¶ 4} Appellant drove to a gas station in Lockland, where he was joined by a male friend he called while driving. At this point, Stover was laying still and pretending she was not breathing. After consulting with his friend, appellant got back into the driver's seat and started Stover's vehicle. Fearing what appellant was going to do next, Stover jumped up and hit appellant, telling him to get out of her car. Appellant exited the vehicle and left the scene with his male friend. Over the next few days, Stover received several threatening text messages from appellant.
 {¶ 5} Appellant's version of events is as follows: He and Stover were in an intimate relationship at the time of the incident. A week or two prior, he had informed Stover that he may have impregnated another woman. The night of the incident, Stover was drinking heavily and doing drugs and was behaving oddly. On the drive home, she became increasingly upset because her best friend and appellant did not get along. She was crying and grabbing at her hair, face, and neck. She then hit appellant in the head with her cell *Page 3 
phone, threw him out of the vehicle, and sped off. A female friend picked appellant up, and he returned to the friend's residence for the evening. Appellant denies sending threatening text messages to Stover.
 {¶ 6} On April 21, 2008, appellant was indicted on one count of kidnapping in violation of R.C. 2905.01(B)(2), a felony of the first degree, and one count of intimidation of a victim in a criminal case in violation of R.C. 2921.04(B), a felony of the third degree. Following a two-day jury trial, appellant was convicted on both counts and sentenced to 13 years in prison. Appellant timely appeals, raising two assignments of error.
 {¶ 7} Assignment of Error No. 1:
 {¶ 8} "THE TRIAL COURT IMPROPERLY PERMITTED THE STATE TO INTRODUCE EXHIBITS PREJUDICIAL TO APPELLANT WHICH HAD NOT BEEN PROVIDED TO THE DEFENSE AS PART OF THE DISCOVERY PROCESS, THEREBY DEPRIVING THE DEFENSE TIMELY NOTICE OF THE EVIDENCE."
 {¶ 9} Appellant argues that the trial court abused its discretion in admitting Stover's cell phone into evidence because the state did not provide the phone to appellant in response to his written discovery demand.[1]
 {¶ 10} Crim. R. 16 provides for discovery and inspection by either party in a criminal case. In pertinent part, Crim. R. 16(B)(1)(c) provides: "Upon motion of the defendant the court shall order the prosecuting attorney to permit the defendant to inspect and copy or photograph * * * tangible objects * * * available to or within the possession, custody or control of the state, and which are material to the preparation of his defense, or are intended for use *Page 4 
by the prosecuting attorney as evidence at the trial * * *."
 {¶ 11} Crim. R. 16(E)(3) affords the trial court discretion in prescribing sanctions when the court is informed that a party has failed to provide discovery. State v. Parson (1983), 6 Ohio St.3d 442, 445. The court may order the noncomplying party to permit the discovery or inspection, grant a continuance, prohibit the noncomplying party from introducing the undisclosed material into evidence, or make "such other order as it deems just under the circumstances." Crim. R. 16(E)(3). In choosing a sanction, the trial court must examine the circumstances surrounding the discovery violation and impose "the least severe sanction that is consistent with the purpose of the rules of discovery."Lakewood v. Papadelis (1987), 32 Ohio St.3d 1, paragraph two of the syllabus.
 {¶ 12} Upon defense counsel's objection to the introduction of the cell phone, the trial court conducted an in-chambers discussion on the matter. Following this discussion, the trial court ordered that the SIM card be made available to defense counsel for the evening so he could inspect the card's contents before trial recommenced the next day. The second day of trial, defense counsel renewed his objection to the admission of the cell phone and repeated his wish to have an expert witness examine the SIM card. The trial court overruled the objection after observing that the results of an expert examination of the SIM card were speculative, and admitted the cell phone into evidence.
 {¶ 13} A trial court does not abuse its discretion in admitting undisclosed evidence that is discoverable under Crim. R. 16 unless the record demonstrates at least one of the following factors: "(1) that the prosecution's failure to disclose [the evidence] was a willful violation of Crim. R. 16, (2) that foreknowledge of the [evidence] would have benefited the accused in the preparation of his defense, or (3) that the accused was prejudiced by admission of the [evidence.]" Parson at syllabus.
 {¶ 14} In examining the first Parson factor, we find that the state's failure to disclose *Page 5 
the cell phone did not constitute a willful violation of Crim. R. 16. The record demonstrates that Stover surrendered her cell phone to the Warren County Sheriff's Office on April 30, 2008, the day before trial. Deputy Nick Behymer verified this information at trial while testifying about his collection of the evidence.[2] This refutes appellant's argument that the state willfully failed to disclose the evidence, as the cell phone was not made available to the state until the day before trial. We also note that appellant failed to question Stover about the fact that she surrendered the phone to police the day before trial and not sooner.
 {¶ 15} In examining the second Parson factor, we find that foreknowledge of the cell phone would not have benefitted appellant in the preparation of his defense. Appellant insists that, had he been permitted access to the phone prior to trial, he would have been able to utilize an expert witness to examine the phone to ascertain the origin of the text messages and to search for any potentially exculpatory information. Appellant testified that he did not author the text messages. At trial, he presented evidence that the phone number from which the text messages originated was registered to a "Steve Jones." Appellant was thus permitted the opportunity to present evidence supporting his argument that he did not send the text messages. We agree with the trial court that any additional information an expert might have been able to acquire by inspecting the phone was purely speculative. Cf. State v. Mabry, Montgomery App. No. 21569,2007-Ohio-1895, ¶ 42; State v. McDermott, Montgomery App. No. 21046,2005-Ohio-5233, ¶ 14-15; State v. Fields (Aug. 9, 2000), Wayne App. No. 99CA0062, 2000 WL 1124071 at *2. Appellant has not expressed, nor can we perceive, any theory that would render relevant any information that may have been deleted from the phone. *Page 6 
 {¶ 16} In examining the third Parson factor, we find that appellant was not prejudiced by the admission of the cell phone into evidence. Appellant testified that he did not send the text messages and that the phone number from which the text messages originated was not his number. As stated, appellant also produced evidence that the phone number from which the text messages originated was registered to the name "Steve Jones." In addition, appellant presented testimony from witness Gerard Fultz, Safety Security Manager for Cincinnati Bell (Stover's cell phone service provider). Fultz testified that the phone number from which the text messages originated was registered to a "Steve Jones," and that the address associated with the phone was 546454 Kemper Road in Cincinnati, Ohio. Appellant testified that he did not know Steve Jones and was not familiar with the Kemper Road address. The records for the phone number from which the text messages originated were admitted into evidence. We also note that, prior to trial, the state provided appellant with a handwritten document, composed by Stover, stating the contents of the text messages and the dates and times each was received. Appellant was permitted to cross-examine Stover following his review of the cell phone after the first day of trial, and indeed asked her a number of questions pertaining to the cell phone and text messages. In view of all of these considerations, we find that appellant was not prejudiced by the admission of the cell phone into evidence.
 {¶ 17} Because none of the Parson factors were met, we conclude that the trial court did not abuse its discretion in admitting Stover's cell phone into evidence.
 {¶ 18} Appellant's first assignment of error is overruled.
 {¶ 19} Assignment of Error No. 2:
 {¶ 20} "THE TRIAL COURT ERRED WHEN IT IMPROPERLY DENIED THE APPELLANT INTRODUCTION OF EXHIBITS WHICH PREJUDICED APPELLANT."
 {¶ 21} Appellant contends that the trial court erred in denying the admission of a police *Page 7 
report filled out by Officer Brandon Gehring of the Lockland Police Department upon the officer's investigation of the incident.
 {¶ 22} Appellant sought to display the police report to the jury during cross-examination of Stover in conjunction with his attempt to impeach her. Upon the state's objection, the trial court stated that appellant could read the report to Stover and question her on its contents during cross-examination, but the court excluded the report itself from evidence. Appellant alleges that the exclusion of the report prejudiced him because, had the report been admitted, the jury would have acquitted him or, alternatively, found him guilty of the lesser charge of abduction.[3]
 {¶ 23} A trial court's decision to admit or exclude evidence will not be reversed absent an abuse of discretion. State v. Hancock,108 Ohio St.3d 57, 2006-Ohio-160, ¶ 122. An abuse of discretion implies that the court's decision was unreasonable, arbitrary, or unconscionable, and not merely an error of law or judgment. Id. at ¶ 130.
 {¶ 24} Evid. R. 801(C) defines hearsay as "[an out-of court] statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Hearsay is inadmissible at trial unless it falls under one of the exceptions to the hearsay rule. Pursuant to Evid. R. 803(8)(b), the public records exception to the hearsay rule, matters observed by police officers and other law enforcement personnel in criminal cases are excluded by the hearsay rule unless offered by the defendant and sufficiently trustworthy.
 {¶ 25} The police report itself, insofar as it contained Officer Gehring's personal observations, was arguably admissible under the public records exception to the hearsay rule. The report was offered by appellant, the defendant, and would appear to be trustworthy *Page 8 
in light of the fact that it was an official police report composed in connection with Officer Gehring's investigation and authenticated by him at trial. Evid. R. 803(8)(b). See, also, State v. Lester, Butler App. No. CA2003-09-244, 2004-Ohio-2909, ¶ 27. Even if the report was admissible, however, this does not end our inquiry.
 {¶ 26} Witness statements in a public record typically constitute hearsay within hearsay. See, e.g., State v. Settles (Sept. 30, 1998), Seneca App. No. 13-97-50, 1998 WL 667635 at *5-6; State v. Lowry (Aug. 31, 1989), Franklin App. No. 89AP-108, 1989 WL 101053 at *2-3; State v.Vinson (1990), 70 Ohio App.3d 391, 399. Hearsay statements contained in a public record are not automatically admissible by virtue of their inclusion in an official record. Cf. Westinghouse Elec. Corp. v. DollyMadison Leasing Furniture Corp. (1975), 42 Ohio St.2d 122, 130. Rather, such statements may be admitted into evidence only if they fall within an additional hearsay exception. Evid. R. 805. See, also,State v. Houston, Franklin App. No. 04AP-875, 2005-Ohio-4249, ¶ 30-31
(reversed on other grounds).
 {¶ 27} In the present matter, appellant did not proffer the police report into evidence. Therefore, we do not have the opportunity to review Stover's statements as recorded by Officer Gehring in the report to ascertain whether they were admissible under an additional hearsay exception. Furthermore, appellant failed to raise any hearsay exceptions at the trial level when admission of the police report was denied and also neglected to support his argument on appeal with any discussion of the applicable hearsay rules.
 {¶ 28} Appellant was permitted to use the report for the limited purpose of cross-examining Stover. See, e.g., Lester, 2004-Ohio-2909
at ¶ 28. After reviewing the record as it stands and the applicable law, we cannot say that the trial court abused its discretion in excluding the police report from evidence.
 {¶ 29} Appellant's second assignment of error is overruled.
 {¶ 30} Judgment affirmed. *Page 9 
BRESSLER, P.J., and POWELL, J., concur.
[1] The cell phone at issue is not the same cell phone that was in Stover's possession on the night of the incident. According to Stover, the cell phone she had on the night of the incident was damaged and unusable. She retrieved the damaged phone from the parking lot of O'Charley's, where appellant had thrown it out of her car. She extracted the SIM card, a memory card, from the damaged phone and inserted it into another cell phone. This replacement cell phone, implanted with the SIM card from the damaged phone, was admitted as state's exhibit 11-A and is the subject of appellant's first assignment of error. The damaged cell phone was admitted into evidence as well, but is not at issue in this appeal.
[2] The state was questioning Deputy Behymer about state's exhibit 11-A, the replacement cell phone containing the SIM card from the damaged phone, during this portion of the testimony. The date on the evidence envelope shows that the replacement cell phone was collected on April 30, 2008.
[3] We note that, contrary to appellant's argument, abduction is not a lesser included offense of kidnapping. State v. Fleming (1996),114 Ohio App.3d 294, 296-98. *Page 1